IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK11-80297-TJM |
| | ) | |
| QA3 FINANCIAL CORP. | ) | CH. 11 |
| | ) | |
| Debtor(s). | ) | |

<u>ORDER</u>

      Hearing was held on May 23, 2011, in Omaha, Nebraska, regarding Fil. #68, Motion for Relief from Stay, filed by Catlin Specialty Insurance Company, Fil. #93, Objection, filed by the Official Committee of Unsecured Creditors of QA3 Financial Corp., and Fil. #94, Objection, filed by QA3 Financial Corp. Robert Ginn and Thomas Dahlk appeared for the debtor; Donald Swanson appeared for the Official Committee of Unsecured Creditors; and James Overcash appeared for Catlin Specialty Insurance Company.

      The debtor is a broker/dealer engaged in the sale of securities throughout the United States. Prior to the Chapter 11 filing, the debtor purchased a Broker/Dealer and Registered Representative Professional Liability Policy ("Policy") from Catlin Specialty Insurance Company ("Catlin").

      After a significant number of claims from disgruntled investors were submitted by the debtor to Catlin, the debtor and Catlin got into a dispute over an interpretation of the Policy. The debtor asserted that the Policy limits were 7.5 million dollars and Catlin asserted that the Policy limits for certain types of coverage were limited to a million dollars and that costs of defense eroded that maximum.

      In 2010 the debtor filed suit in Florida against Catlin to obtain a declaratory judgment concerning its rights under the Policy. That case was dismissed for lack of subject matter jurisdiction. In November of 2010, Catlin filed a complaint for declaratory judgment against the debtor regarding the Policy in the United States District Court for the Southern District of New York. On February 1, 2011, the debtor filed an answer to the complaint and demand for a jury trial. Shortly thereafter, on February 11, 2011, the debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the District of Nebraska.

      Catlin has now filed this motion for relief from the automatic stay to obtain an order allowing it to continue the declaratory judgment proceeding regarding the Policy. It is the position of Catlin that New York law governs the rights of the parties under the Policy; that the declaratory judgment action is not an attempt to obtain affirmative monetary relief against the debtor or to obtain property of the debtor, but is solely to obtain a judicial interpretation of the Policy language.

      In the New York litigation the debtor employed the legal services of an attorney who resides in Florida and who may have been the attorney who brought the original action in Florida. In addition to answering the complaint, the debtor's pleadings in New York included counterclaims for breach of contract and other issues which could result in damages in favor of the debtor.

      The debtor and the Official Unsecured Creditors Committee have objected to the relief being requested. It is their position that the insurance Policy is property of the bankruptcy estate and all

disputes concerning it should be resolved in the bankruptcy context, not in a foreign jurisdiction such as the Southern District of New York.

A hearing was held on May 23, 2011. Evidence in support of the motion was presented by Catlin. No evidence was presented by the debtor or the Committee. The parties were given the opportunity to fully brief the issues and have done so.

The Bankruptcy Code, at 11 U.S.C. § 362(d)(1), provides that the court shall grant relief from the stay for cause. "Cause" is not defined in the statute, but it includes allowing litigation involving the debtor to proceed in another forum under appropriate circumstances. Bergman v. Wintroub (In re Wintroub), 283 B.R. 743, 745 (B.A.P. 8th Cir. 2002). In making that determination, the court must balance the potential prejudice to the debtor, the bankruptcy estate, and the other creditors associated with a proceeding in another forum against the hardship to the movant if it is not allowed to proceed in the other forum. Id.

Catlin claims that there is cause for relief because the New York lawsuit was at issue prior to the bankruptcy case being filed; in its answer and counterclaim, the debtor agreed that venue and jurisdiction were proper in New York; the matter was moving toward completion with the entry of a scheduling order by the New York court providing for a pretrial hearing on March 7, 2011; Catlin is not seeking any affirmative recovery from the debtor; the law of the State of New York controls the interpretation of the Policy and it would be appropriate to have the declaratory judgment proceeding litigated in the court located within the state of New York.

The Committee argues that the bankruptcy court is the proper venue for any litigation concerning the Policy. It suggests that all of the individuals and entities who have an interest in the coverage have a right to notice of litigation concerning the Policy and an opportunity to intervene. The Committee states that there are more than 200 creditors and 170 registered representatives or agents that have an interest in the Policy. Because they would most likely not be able to intervene in the New York litigation, but they do have rights in the bankruptcy case, through the filing of claims and receipt of notice of contested matters, it is more fair to them to litigate in the bankruptcy court.

On the other hand, Catlin points out that the Policy itself provides that QA3 is the representative of all of those parties that have an interest in the Policy and can represent their interest whether they intervene or not. Further, Catlin points out that the Committee presented no evidence concerning who those creditors and interested parties are, where they are located, and what burden would be placed upon them by litigating in New York rather than in Omaha, Nebraska.

The debtor argues that the New York court does not have jurisdiction over the Policy because all insurance policies owned by the debtor have become property of the bankruptcy estate. Catlin points out that, although it agrees that the Policy is property of the bankruptcy estate, the New York court still has jurisdiction to deal with interpretation of the Policy.

The debtor and the Committee also argue that the debtor would eventually file an adversary proceeding in the bankruptcy court requesting an interpretation of the contractual language and requesting damages. In other words, the Committee and the debtor promised a duplicative filing in the bankruptcy court. The debtor then followed through on such a promise and in mid-June 2011, filed an adversary proceeding, A11-08058, QA Financial Corp. v. Catlin Specialty Insurance Company, in which it asks for the same relief it requested in its answer and counterclaim in the New

York litigation, including a demand for a jury trial. That adversary proceeding was filed by the same attorney from Florida that the debtor has employed for the litigation in New York.

I find that relief from the automatic stay should be granted for cause. The litigation, both in New York and in Nebraska, relates to the interpretation of the language of the Policy under controlling New York law. The movant was the first to file and the Nebraska adversary proceeding is simply a duplication of the matters already at issue in the New York case. The Policy provides that the debtor is the representative of all parties with an interest in the Policy. The litigation concerns a state law contract dispute which is not a core proceeding. The movant is not requesting affirmative monetary relief, but only to obtain an interpretation of the meaning of contractual language. The impact on the bankruptcy case is contingent and will be the same whether the litigation is in New York or in Nebraska. If the debtor wins on its interpretation of the contract, there will be more money available for payment of claims by the insurance company. If the debtor loses, there will be less money available from the insurance and perhaps more claims in the bankruptcy case. Finally, the question whether coverage exists is a separate and distinct issue from all bankruptcy issues.

IT IS ORDERED that the motion for relief from stay, Fil. #68, is granted.

DATED:    July 1, 2011

BY THE COURT:

/s/ Timothy J. Mahoney
United State Bankruptcy Judge

Notice given by the Court to:
   Robert Ginn
   Thomas Dahlk
   Donald Swanson
   *James Overcash

* Movant is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.