IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF:            )    CASE NO. BK11-80297-TJM
                             )
QA3 FINANCIAL CORP.,         )    CH. 11
                             )
            Debtor.          )

## ORDER

Hearing was held in Omaha, Nebraska, on June 20, 2011, regarding Fil. #102, Motion to Extend Automatic Stay, filed by the debtor, and Fil. #130, Objection, filed by Milo H. Segner, Jr., Trustee. Robert Ginn, Thomas Dahlk and Victoria Buter appeared for the debtor and Sean McCaffity appeared for Milo Segner, Jr.

The debtor is a broker/dealer of securities. It had registered representatives in various parts of the country who sold securities, including private placement securities. Some of the products that were sold have been alleged to be Ponzi schemes and the entities in which the purchasers obtained a financial interest have gone out of business or filed bankruptcy.

Numerous purchasers have filed arbitration claims against the debtor and four of its employees or former employees. In the securities industry, there apparently is a recognized policy that if a broker/dealer violates fiduciary or other duties to parties that purchase securities marketed by or through the broker/dealer, particular officers or directors who are deemed to have been in control of the broker/dealer can be held personally responsible for the damages caused by the broker/dealer.

The employees of the debtor who are now respondents in the arbitration action were allegedly "Control Persons" of the debtor. Although the debtor is protected by the automatic stay of 11 U.S.C. § 362 from direct actions in the arbitration, and although the debtor has been severed from most of the arbitration claims because of the bankruptcy filing, if the individual respondents are required to defend against "Control Person Liability" and are found liable, any such finding or judgment will be the equivalent of a finding or judgment against the debtor. That is because first, in order to prove "Control Person Liability," the claimants will need to prove that the debtor itself violated its duties to the claimants. Secondly, each of the respondents have a contractual, statutory, or common law right to indemnification by the debtor requiring the debtor to reimburse all expenses incurred as a result of being named in any proceedings as a result of their association or employment with the debtor.

The debtor has now filed this motion requesting that the automatic stay be extended to the respondents with regard to any allegations or actions concerning "Control Person Liability" only. In other words, the arbitration claims against the respondents may include other claims of liability in addition to "Control Person Liability." The motion is not requesting the extension of the automatic stay as to any claims other than "Control Person Liability."

The automatic stay of 11 U.S.C. § 362(a)(1) generally applies only to a debtor and not third-party defendants or co-defendants. <u>American Prairie Construction Co. v. Hoich</u>, 560 F.3d 780, 789 (8th Cir. 2009). However, there is authority for extension of the automatic stay to non-bankrupt co-defendants in "unusual circumstances," such as "when there is such identity between the debtor

and the third-party defendant that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." GulfMark Offshore, Inc. v. Bender Shipbuilding & Repair Co., Inc., 2009 WL 2413664, at *1 (S.D. Ala. Aug. 3, 2009). Likewise, where a debtor has an "identity of interest" with non-debtor parties such that a lawsuit against the non-debtors "would inevitably have an adverse impact on property of the estate," the application of § 362(a)(3) to extend the automatic stay to a non-debtor is justified. Nat'l Bank of Arkansas v. Panther Mountain Land Dev., LLC (In re Panther Mountain Land Dev., LLC), 446 B.R. 282, 287-88 (B.A.P. 8th Cir. 2011). See also A.H. Robins Co., Inc. v. Piccinin, 788 F.2d 994, 998-99 (4th Cir. 1986). Numerous other cases cited in the motion support the extension of the automatic stay when there are unusual circumstances and there is such identity between the debtor and a third-party defendant that the debtor may be said to be the real party defendant so that the judgment against the third-party defendant will in effect be a judgment or a finding against the debtor.

That is exactly the situation of this case. With regard solely to the "Control Person" issue, the automatic stay is extended to each of the respondents in each of the arbitration actions listed in the attachment to the motion. To be clear, the automatic stay is not extended to the respondents for any other claims against them which are not related to the "Control Person" issue.

IT IS ORDERED that the Motion to Extend Automatic Stay, Fil. #102, is granted with respect to each of the respondents in each of the arbitration actions listed in the attachment to the motion.

DATED: July 7, 2011

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
   *Robert V. Ginn
   *Thomas Dahlk
   *Victoria Buter
   Sean McCaffity
   U.S. Trustee

* Movant is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.