IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK11-80297-TJM |
| | ) | |
| QA3 FINANCIAL CORP., | ) | CH. 11 |
| | ) | |
| Debtor(s). | ) | |

ORDER

Hearing was held in Omaha, Nebraska, on December 19, 2011, regarding Fil. #249, Amended Motion for Relief from Stay, filed by Catlin Specialty Insurance Company, and Fil. #262, Objection, filed by the debtor. Patrick Turner and Kristine Gudaitis appeared for the debtor and James Overcash appeared for Catlin Specialty Insurance Company.

The debtor, at the time the bankruptcy was filed on February 11, 2011, was a securities broker-dealer. In 2008, the debtor obtained a "Broker/Dealer and Registered Representative Professional Liability Policy" from Catlin Specialty Insurance Company ("Catlin"). That policy names the debtor and other business entities as named insureds, and covers numerous individuals as well. The policy requires Catlin to provide for defense costs and payment of damages on behalf of insured parties that are adjudicated in court or arbitration to be liable for certain acts or omissions covered by the policy.

Claims have been made against the debtor as a named insured, and against certain covered individuals. The debtor is protected by the automatic stay of 11 U.S.C. § 362(a), but the other insureds are, for the most part, not protected. Catlin has been requested to pay certain fees and costs incurred by some of the insureds with claims pending.

Using an abundance of caution, Catlin is asking for relief from the automatic stay to pay the expenses submitted, which are slightly less than $40,000, even though Catlin is not convinced that the policy proceeds are property of the bankruptcy estate protected by the automatic stay.

The creditors' committee and the debtor both object on the ground that the policy and the proceeds of it are property of the estate and should only be used for payment of claims through procedures authorized in a confirmed plan. No such plan exists at this time. No order has been entered determining that the policy and proceeds are property of the estate.

Catlin has a contractual obligation to provide coverage to the insured parties against whom claims have been made. No injunction has been entered preventing Catlin from using proceeds to make the contractually obligated payments.

Relief from stay is appropriate under these circumstances. The proceeds may be property of the estate, but until that is determined and Catlin is legally prohibited from using the proceeds pursuant to the terms of the policy, it should be permitted to do so.

IT IS ORDERED: The amended motion for relief from the automatic stay, Fil. #249, is granted. Because it may eventually be determined that the proceeds are property of the estate,

Catlin is requested to seek relief each time this issue arises.

       DATED:       January 9, 2012

                                     BY THE COURT:

                                     /s/ Timothy J. Mahoney
                                     United States Bankruptcy Judge

Notice given by the Court to:
   Patrick Turner
   Kristine Gudaitis
   *James Overcash
   U.S. Trustee

*Movant is responsible for giving notice to other parties if required by rule or statute.